## Lepper v. Chilton.

Where no objections were made to the reading of depositions until they were offered in evidence and then they were objected to on the ground that there was no proof that the witnesses were not within reach of the process of the court, the court very properly allowed that objection to be removed by the introduction of other testimony.

Error to St. Louis Circuit Court.

*Darby for Plaintiff.*

1st. That the circuit court erred in permitting the depositions to be read in evidence, because the defendant below had no notice of taking the same, as required by the statute.

2d. That the circuit court erred in permitting the plaintiff

24*

below to offer evidence to the court pending a motion made to reject said depositions, as to the residence of the witnesses whose depositions were read, after the plaintiff had closed his case.

3d. No evidence whatever was given to the court to show that the defendant was a non-resident, to warrant the serving a notice to take said depositions on his attorney.

4th. That the depositions themselves contain hearsay evidence, and should have been rejected on that ground.

5th. The defendant was not identified in any evidence offered to the court.

6th. The damages are excessive, and are not sustained by any evidence offered, and that the circuit court erred in overruling the motion for a new trial. Elliot v. Bobb, 6 vol. Mo. Rep. 323; Boyce v. Anderson, 2 Peter's Rep. 150; Kean v. Newell, 1 vol. Mo. R. p. 755; March v. Howell, 1 vol. Mo. Rep. p. 138; Morton v. Reed, 6 vol. Mo. Reports, p. 64; 2 vol. Mo. Rep. page 189, Montgomery v. Farrar.

*Skinkers for Defendant.*

The only questions to be considered by this court are whether,

1st. The verdict was against evidence, or *the weight of* evidence, and,

2d. Whether the court erred in allowing the witness at that stage of the proceedings to prove the residence of the witnesses whose depositions had been read.

As to the first point, the opinion of the court as frequently expressed at the present term, is cited. Upon the second, the court is referred to 1 Starkie Ev. 92; Grisley's Eq Evidence, 236.

*Opinion of the Court by Napton, Judge.*

This was an action of assumpsit brought by the defendant in error against Lepper, to recover damages for the breach of a special contract between the parties. The bill of exceptions presents the following state of facts. The de-

fendant, in error, Chilton, on his way from Virginia to this
State, reached Cincinnati, on the morning of the 16th of
May, 1840, and applied to Lepper, the master of a steam-
boat then lying at the wharf, for a passage on his boat for
himself, his family, slaves, &c. The price was agreed upon
between Lepper and Chilton, or his agents, and the plaintiff
in error agreed and promised that his boat should leave the
port of Cincinnati that evening, Chilton having represented
to him, that upon no other terms would he consent to ship
his slaves on the said boat. Repeated conversations were
had between the captain and Chilton, or his agents, in all of
which repeated assurances were given by Lepper that the
boat would leave that evening. The fires were accordingly
started and steam raised, as if for immediate departure, and
the slaves of Chilton were transferred to the boat of Lep-
per. The boat did not start until the ensuing day, and dur-
ing the night one of Chilton's slaves escaped, in the recovery
of which he expended one hundred and ninety-five dollars.

Verdict and judgment was for the plaintiff Chilton, and
motion for a new trial made and overruled

On the trial, the plaintiff offered in evidence several de-
positions, to the reading of which depositions defendant ob-
jected on the ground that it did not appear but that the wit-
nesses whose depositions were taken, were within the reach
of the process of the court. Pending this motion to exclude
the depositions, the court allowed the plaintiff to prove that
fact, and thereupon overruled the defendant's motion.

To reverse the judgment below, the plaintiff in error re-
lies on the following points:

1st. The plaintiff in error objects to the sufficiency of the
notice given of the time and place of taking depositions, said
notice having been served on defendant's counsel.

2d. The plaintiff in error objects to the action of the
court, allowing plaintiff to supply proof of the residence of
the deponents, pending the motion to exclude the deposi-
tions.

3d. The depositions themselves contain hearsay testimony.

4. The verdict was unsupported by the testimony.

The first and third points relied on, are not available to

SEPT'R TERM, the plaintiff in error in this court.   It does not appear what
1841.          the rules of the St. Louis circuit court are in relation to the
          proper time of making objections to depositions;   No ob-
Leppor    jections seem to have been taken in the circuit court to the
v.        sufficiency of the notice ; if any objection existed, it has
Chilton.
          been waived, nor was the attention of the circuit court di-
          rected to the hearsay testimony, which it is here alleged the
          depositions contained.

Where no ob-     As it does not appear from the bill of exceptions, that the
jections were defendant made any objections to the depositions until they
made to the
reading of de- were offered in evidence, and then for the first time objected
positions until
they were of- to their being read, because there was no proof that the wit-
fered in evi- nesses were not within the process of the court, the court
dence, and
then they     very properly allowed the plaintiff to remove that objection,
were objected by introducing witnesses for that purpose.
to on the
ground that     The details of the testimony in this case I deem it unne-
there was no
proof that the cessary to state, as the court are of opinion that every ma-
witnesses     terial allegation in the declaration was well found for the
were not with-
in reach of plaintiff.   Judgment affirmed.
the process of
the court, the   Judge Scott not sitting.
court very
properly  al-
lowed that
objection  to
be removed
by the intro-
duction of
other testimo-
ny.